**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| In re: | Case No. 22-12742-pmm |
|---|---|
| Amarilys Garcia, | Chapter 13 |
| Debtor. | |

**Debtor's Motion to Set Date for Commencement of Plan Payments**

**AND NOW**, Debtor Amarilys Garcia, by and through her attorney, moves this Court set the date for commencement of plan payments. In support of this motion, the Debtor states as follows:

1. The Debtor filed this case under chapter 7 on October 13, 2022.

2. Upon motion of the Debtor, this case was converted from chapter 7 to chapter 13 on November 15, 2022. ECF No. 26.

3. A plan has been proposed, but not yet confirmed.

4. "Unless the court orders otherwise, [a debtor must begin making plan payments to the trustee] not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . ." 11 U.S.C. § 1326(a)(1).

5. The chapter 13 trustee has indicated to the Debtor that it considers the date of the order for relief in this case to be October 13, 2022, which would require the Debtor to have begun making plan payments on November 13, 2022.

6. The Court must enforce a plainly-written statute according to its terms, unless the result is absurd. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004). An interpretation is absurd when it is irrational, nonsensical, or produces a result that Congress could not have intended. *United States v. Fontaine*, 697 F.3d 221, 228 (3d Cir. 2012).

7. In the instant case, the plain language of §1326(a) would require the Debtor to make her first plan payment on November 13, 2022, which was two days **before** the Court granted relief to her under chapter 13. That is impossible, which makes it irrational and nonsensical on its face. Not even Congress could have intended something as silly as that.

8. The "order for relief" portion of § 1326(a)(1) was inserted by Congress as part of the Bankruptcy Abuse Prevention and Consumer Protection Act.

9. The plain language result of §1326(a) tracks with BAPCPA's other well-known drafting errors, which include "spelling errors, erroneous statutory cross-references, incorrect grammar and terminology references, and mistakes in punctuation." Cong. Rec. H7158 (daily ed. Sept. 28, 2010) (Statement of Rep. Scott).

10. Given that, it is reasonable for the Court to conclude that the drafters of BAPCPA forgot to add § 1326(a)(1) to the list of affected provisions in 11 U.S.C. § 348(b) or (c), which provide that the date of a conversion order must be treated as the date of the order for relief.

11. On that basis, the Court must order that the Debtor was required to commence making plan payments on December 15, 2022, thirty days after the order of conversion.

12. Notwithstanding the grounds for relief above, the Court has the authority to issue such an order under 11 U.S.C. § 1326(a)(1) itself, which qualifies its requirements by stating, "unless the court orders otherwise."

**NOW, THEREFORE**, the Debtor asks this Court to grant relief in the form of order attached and to grant such other relief in her favor as may be necessary and proper under the law.

Date: May 25, 2023

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com